Scott A. Brown (State Bar No. 177099)
*sbrown@bplegalgroup.com*
**BROWN | POORE LLP**
3100 Oak Road, Suite 100
Walnut Creek, California 94597
Telephone: (925) 943-1166

Todd A. Walburg (State Bar No. 213063)
*twalburg@baileyglasser.com*
Jade Smith-Williams (State Bar No. 318915)
*jsmithwilliams@baileyglasser.com*
**BAILEY & GLASSER, LLP**
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291

Attorneys for Plaintiff JUDON CHERRY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUDON CHERRY, | **Case No.   4:22-cv-2748** |
| Plaintiff, | **COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF** |
| v. | |
| CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT; SCOTT VALENCIA; LON GOETSCH; CHARLES "CHUCK" STARK; and DOES 1 through 50, inclusive, | **RACIAL DISCRIMINATION- FEHA;** |
| | **RACIAL HARASSMENT-FEHA;** |
| Defendants. | **FAILURE TO PREVENT-FEHA;** |
| | **RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY-FEHA;** |
| | **VIOLATION OF 42 U.S.C. § 2000e (TITLE VII OF THE 1964 CIVIL RIGHTS ACT);** |
| | **VIOLATION OF 42 U.S.C. § 1983;** |
| | **VIOLATION OF 42 U.S.C. § 1981 (EQUAL RIGHTS);** |

-1-

**VIOLATION OF CALIFORNIA LABOR CODE § 1102.5;**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;**

**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA);**

**VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CFRA)**

**JURY TRIAL DEMANDED**

Plaintiff JUDON CHERRY complains and alleges as follows:

**PARTIES AND JURISDICTION**

1.      Plaintiff JUDON CHERRY ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California.

2.      Plaintiff is informed and believes and thereby alleges that Defendant CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT ("Defendant" or "CCCFPD") is and at all relevant times hereto, was a public entity that operated in the State of California, in this judicial district, within the territory of the Northern District of California, Oakland Division.

3.      Plaintiff is informed and believes and thereby alleges that Defendant SCOTT VALENCIA  ("Valencia" or "Defendant") is an individual whose residence is located in the State of California.  Defendant Valencia was a supervisor and/or managerial employee of Defendant CCCFPD.  For purposes of the cause of action under the Civil Rights Act, Defendant Valencia is being sued in his official and/or individual capacity acting under color of law.

-2-

4.      Plaintiff is informed and believes and thereby alleges that Defendant LON GOETSCH ("Goetsch" or "Defendant") is an individual whose residence is located in the State of California.  Defendant Goetsch was a supervisor and/or managerial employee of Defendant CCCFPD.  For purposes of the cause of action under the Civil Rights Act, Defendant Goetsch is being sued in his official and/or individual capacity acting under color of law.

5.      Plaintiff is informed and believes and thereby alleges that Defendant CHARLES "CHUCK" STARK  ("Stark" or "Defendant") is an individual whose residence is located in the State of California.  Defendant Stark was a supervisor and/or managerial employee of Defendant CCCFPD.  For purposes of the cause of action under the Civil Rights Act, Defendant Stark is being sued in his official and/or individual capacity acting under color of law.

6.      This Court has jurisdiction and venue over this action in that Defendant CCCFPD employed Plaintiff within this judicial district in the State of California.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff is asserting federal claims. This Court has supplemental jurisdiction over any state law claims, in that they arose from the same common nucleus of operative facts as the federal claims.

7.      Plaintiff has exhausted all administrative remedies prior to filing this action, including obtaining a Right to Sue Notice from the California Department of Fair Employment and Housing.  Plaintiff also timely submitted a public entity claim, pursuant to the California Government Code, on October 8, 2021, which was rejected by Defendants on November 9, 2021.

8.      Unless otherwise indicated as acting in individual capacity, Plaintiff is informed and believes, and thereby alleges that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendants, and were acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendants, and each of them.

9.      Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 50, and therefore sues these defendants by fictitious names.  Plaintiff will amend this complaint to state the true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some

manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter set forth were proximately caused by said defendants.

## FACTUAL BACKGROUND

10. On or about April 21, 2021, Plaintiff was unfairly demoted from his probationary position as Fire Captain. Plaintiff's demotion was preceded by a Probationary Testing and Evaluation process that violated anti-discrimination laws and the CCCFPD's own policies. Namely, CCCFPD, their employees, agents, representatives, and contractors discriminated against Plaintiff because of his race, created a hostile work environment, and retaliated against him when he made formal and informal complaints about racism within the department. CCCFPD's discriminatory conduct culminated with the orchestrated failing and demotion of Plaintiff following the Fire Captain evaluation.

**Plaintiff's experience and credentials**.

11. Plaintiff, JuDon Cherry, an African American male, began his employment with CCCFPD as a Fire Fighter in or around 2004. In fact, he was recruited from another fire department in an apparent effort of increase diversity in a white male-dominated department. For 17 years, Plaintiff has been an outstanding Fire Fighter with an excellent employment record. He also built a reputation as an advocate for equity and fairness within the department. His colleagues at CCCFPD who experienced unfair treatment would often seek Plaintiff's advice and support.

12. Plaintiff has always diligently and professionally performed his duties for CCCFPD throughout his tenure. He was promoted to Fire Engineer Medic in 2010, and to Fire Captain in 2020. Additionally, Plaintiff was specially-appointed by the Chief of CCCFPD to lead and direct several anti-bias initiatives within the department.

**Defendant's pattern and practice of failing minorities**.

13. As early as 2015, Plaintiff began complaining about the department's history of failing minority group members (African Americans, Asians, and Women) on various job hiring and promotional exams. Plaintiff addressed his concerns with the Fire Chief. This led to Chief Carmen appointing Plaintiff to lead the Recruitment Initiatives to explore the disparities, and to

promote more equitable hiring and promotional practices. Plaintiff's work in the areas of diversity, equity, and inclusion was generally not well-received by the majority of his white colleagues in the department.

14. In 2016, Plaintiff was publicly reprimanded and humiliated by Battalion Chief Tom Oakley. Plaintiff was set to attend rescue "LARRO" training with his team, but he had a serious family emergency on the morning of, and was not able to attend the training. Although Tom Oakley was aware of Plaintiff's family emergency, that Plaintiff was already LARRO-certified, and that this training was therefore optional, Tom Oakley still berated Plaintiff in front of Plaintiff's subordinates with the intent to undermine his authority in front of his team. In subsequent email correspondence, Tom Oakley relayed that Plaintiff would no longer be able to attend any other federally-funded trainings.

15. In October 2017, Plaintiff complained to CCCFPD Operations Chief Lon Goetsch and Human Resources Director Denise Cannon that the "No EBT!" (debit card for food stamps) signs that were plastered around Station 81 (the Antioch Fire Station) were offensive, and created a hostile work environment. The station captains asked to take down the items, but this was not well-received by the station members, and Plaintiff began to notice race-based micro-aggressions from them.

16. In 2017, Plaintiff was asked to provide a statement as part of a department-wide racial disparity investigation. Plaintiff reported to Chief Edward Gonzalez, Captain Nick Barnes, and Union President Vince Wells that a pattern and practice of racial discrimination existed in the Department, that the Department needed to undergo some type of unconscious bias training, and that Plaintiff feared retaliation for discussing his candid experiences with racial bias and discrimination in the department. Once the investigation was completed, Plaintiff requested a copy of the findings report. CCCFPD refused to provide Plaintiff with a copy of the findings without a formal request by an attorney. Days after Plaintiff's request for the findings report, he noticed that all of his department emails had mysteriously disappeared.

17. In October 2017, the Department Plaintiff's bedding was ripped up and vandalized. Plaintiff complained to Chief Carmen and other chiefs/supervisors, and made a

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
CHERRY V. CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT, ET AL.

formal complaint in the form of a letter. CCCFPD failed to properly investigate the incident, and no disciplinary action was ever taken against the perpetrators.

18. In May 2018, Plaintiff took approximately 5 months of medical leave for Post-Traumatic Stress Disorder resulting from multiple confrontations regarding racial indifferences between Plaintiff and CCCFPD. Plaintiff was under the care of a clinical psychologist provided by CCCFPD. He returned to work in or about October 2018.

19. On January 27, 2019, Plaintiff met with Chief Carmen, Chief Bouchard, and Defendant Goetsch to discuss the lack of diversity and inclusion of minorities in the Fire Department.

20. On January 29, 2020, Plaintiff raised the hiring and promotion disparity issue again during a meeting with several chiefs/supervisors (Chief Lewis Brouschard, Chief Lon Goetsch, Chief Michael Quesada, Chief Charles "Chuck" Stark, Chief McAllister, and Captain Tom Waller). The discussion was about how minorities were failing exams and probations and not getting hired. Plaintiff told them that no one wants to work for CCCFPD because of its harsh treatment towards minorities. This resulted in a heated discussion, especially by Chief Quesada towards Captain Waller, an African-American. Plaintiff told the group that African Americans do not want to work for the Department because they are known for failing minority firefighters, who would rather go to Oakland where they are treated fairly and considered for promotions.

**The Diablo Fools**.

21. Plaintiff is informed and believes that Defendant CCCFPD incorporates, relies upon, and contains an exclusive organization named the Diablo Fraternal Order Of Leatherheads ("Diablo Fools"). Plaintiff is further informed and believes that the Diablo Fools was founded in 1995 in Contra Costa County and is comprised exclusively of Caucasian male fire fighters who refer to themselves as the "Brotherhood." The Diablo Fools socialize together and conduct private fire-fighting training programs in which they instruct other white male fire fighters on particular strategies for testing, fighting fires and operating equipment. Members of the Diablo Fools follow unwritten policies which are not accessible to Plaintiff and other African-American fire fighters, including their own jargon and language, which they incorporate into their daily

work routines for Defendant CCCFPD.  Plaintiff and other minorities are at a distinct disadvantage and are frequently criticized on the job when they are unable to understand or perform techniques and procedures implemented by members of the Diablo Fools.

**Plaintiff's application for Fire Captain**.

22.    In or around early 2020, Plaintiff applied for a Fire Captain position at CCCFPD. He did so despite warnings from other African American and Asian individuals who previously tested for the Captain position and were forced to endure severe and pervasive harassment that their white counterparts were not subjected to.  Plaintiff was provisionally promoted to Fire Captain in July 2020, subject to passing written and performance examinations over a 10-month probationary period.

23.    During Plaintiff's probationary period, his assigned supervisor, Scott Valencia (white male), frequently targeted and singled out Plaintiff with excessive criticism while on calls, in front of Plaintiff's subordinates.  Plaintiff's white counterparts who were also on probation assignment were not ridiculed for identical conduct.  Plaintiff confronted Defendant Valencia about the harassment, and requested that Valencia refrain from berating and belittling Plaintiff while on calls with his team.  However, the harassment worsened after his complaint and continued throughout his entire probationary period.

24.    Therefore, Plaintiff reported the abuse to Training Captain Noel Luiz.  Captain Luiz encouraged Plaintiff to make a formal complaint with the Training Chief, Lon Goetsch.  On or around November 23, 2020, Plaintiff reported Scott Valencia's discriminatory targeting to Training Chief Lon Goetsch.  In response to the complaints, Defendant Goetsch promised Plaintiff that he would be reassigned to a female Battalion Chief, however, the reassignment never occurred.  Instead, on Plaintiff's next rotation one week later, in retaliation for Plaintiff's complaints, Plaintiff was summoned to report for a drill led by Defendant Valencia and in front of Defendant Charles "Chuck" Stark, the Assistant Operations Chief.  The drill was designed solely for Plaintiff to lead four engine companies to conduct different fire attacking scenarios. Defendants provided Plaintiff no reasonable notice for this drill, and set him up to fail in front of upper management.  Plaintiff completed the drill and was told he passed the drill.

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
CHERRY V. CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT, ET AL.

25.     CCCFPD continued to subject Plaintiff to discriminatory supervision and training, which later proved detrimental to Plaintiff's health and his success during the performance evaluations. Noel Luiz stated during the probationary period that he felt uncomfortable assisting Plaintiff for fear of retaliation against himself as well.

26.     As a result of the pervasive harassment from Defendant Valencia and other chiefs/supervisors, and CCCFPD's ratification thereof, Plaintiff was forced to pause his probation and take medical leave from December 2020 – March 2021.

27.     When Plaintiff returned from leave in late March 2021, he found his locker had been broken into and his personal belongings had been removed. Plaintiff later learned that Defendant Valencia instructed Plaintiff's colleagues to empty his locker without his consent. Prior to Plaintiff's return, he expressed to Noel Luiz that he did not want to go back to work under Defendant Valencia, and that he feared that Valencia would intentionally fail Plaintiff on the exam. Noel Luiz stated to Plaintiff that the test was not a failure test, and was just for Plaintiff's educational purposes. Training Chief Lon Goetsch was informed of Plaintiff's concerns, and nothing was done.

**Plaintiff's injury and examination in April 2021**.

28.     On April 14, 2021, upon Plaintiff's return from medical leave, and while under extreme duress and distress, Plaintiff fell from second floor steps, injured his head and arm, and sustained a concussion while completing a drill during a performance examination for Scott Valencia. Plaintiff experienced a brief loss of consciousness and orientation inside the building and had to be escorted out by the firefighters.

29.     Plaintiff expressed discomfort, given the vision impairment he was experiencing. Instead of offering medical attention to Plaintiff, Defendant Valencia ordered Plaintiff to complete the drill. The testing continued without medical attention. Thus, the testing conditions were such that Plaintiff was set up to fail.

30.     During the written part of the evaluation that same day, Plaintiff was placed in a testing room with a single poster hanging on the wall directly in front of him. The poster was of the television character Cosmo Kramer from the show Seinfeld. Plaintiff had previously

-8-

explained to CCCFPD personnel that the actor who played Cosmo Kramer (Michael Richards) was well known for publicly making several racist statements referencing slavery and calling people the N-word. Plaintiff had previously made a formal complaint to have the poster removed. However, it reappeared on the day he was scheduled to take his written exam and practical exam, and it was placed in Plaintiff's direct line of vision.

31. Plaintiff was also falsely accused of cheating on a practical exam as pretext for CCCFPD's discriminatory intent to fail Plaintiff. The accusation of cheating occurred on the start of the practical exam day. Scott Valencia decided to alter and manipulate the testing standards in an attempt to confuse Plaintiff. Plaintiff was feeling deep anxiety and anger toward Scott Valencia during the testing. These circumstances constituted a clear violation of the testing performance policy.

32. On April 14, 2021, Plaintiff submitted a request for FMLA leave for the head injury and concussion he suffered during training earlier in the day. CCCFPD knew of Plaintiff's injuries and received a claim for them on April 19, 2021, and Plaintiff began his medical leave.

**Plaintiff was demoted to Fire Engineer**.

33. On April 21, 2021, Defendants CCCFPD, Goetsch, and Stark, as decision makers, notified Plaintiff that he was being rejected for the Captain position, and was being demoted back to Fire Engineer.

34. As a direct result on CCCFPD's pervasive and severe harassment and discrimination, Plaintiff has experienced PTSD and severe anxiety. Plaintiff now remains under the close supervision and treatment of a mental health professional.

**FIRST CAUSE OF ACTION**

**Racial Discrimination**

**Violation of FEHA, Govt. Code § 12900, et seq.**

**Against Defendant CCCFPD**

35. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
CHERRY V. CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT, ET AL.

36.     Defendant's conduct violated FEHA, Government Code § 12900, et. seq., and Defendant committed unlawful employment practices, including the following bases for liability:

a.  Discharging, barring, refusing to promote, select, and/or otherwise discriminating against plaintiff, on the basis of Plaintiff's race, national origin, and/or color, in violation of Government Code § 12940(a);

b.  Harassing Plaintiff and/or creating a hostile work environment in whole or in part on the basis of Plaintiff's race, national origin, and/or color, in violation of Government Code § 12940(j);

c.  Failing to take all reasonable steps to prevent discrimination and harassment based on race, in violation of Government Code § 12940(k);

d.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendant's failure to provide such rights, in violation of Government Code § 12940(h).

37.     As a proximate result of Defendant's willful and intentional discrimination against Plaintiff, plaintiff has suffered harm and continues to sustain substantial losses of earnings and other employment benefits, and Plaintiff has suffered damages in an amount to be proven at trial.

38.     As a proximate result of Defendant's willful and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, in an amount to be proven at trial.

39.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code § 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## SECOND CAUSE OF ACTION

### Racial Harassment

### Violation of FEHA, Govt. § 12940 et seq.

### Against All Defendants

40.     Plaintiff realleges and incorporates the paragraphs previously referenced within this Complaint.

41.    Defendants' conduct, as alleged herein, violated FEHA, Government Code § 12900, et seq., and Defendants committed unlawful employment practices, including the following bases for liability:

a.  Harassing Plaintiff and/or creating a hostile work environment, based in whole or in part on Plaintiff's race, national origin, and/or color, in violation of Government Code § 12940(j);

b.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on race, national origin, and/or color, in violation of Government Code § 12940(k).

42.    As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

43.    As a proximate result of Defendant's willful and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, in an amount to be proven at trial.

44.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code § 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

45.    The individual Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against the individual Defendants.

**THIRD CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, and Retaliation**

**Violation of FEHA, Govt. Code § 12940(k)**

**Against Defendant CCCFD**

46.    Plaintiff realleges and incorporates the paragraphs previously referenced within this Complaint.

-11-

47.     At all times herein, FEHA, Government Code § 12940(k), was in full force and effect and was binding on Defendant. It is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

48.     During the course of Plaintiff's employment, Defendant failed to prevent its employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of Plaintiff's protected status (i.e., his race, national origin, and/or color).

49.     During the course of Plaintiff's employment, Defendant failed to prevent its employees from engaging in unjustified employment practices against employees in such protected classes.

50.     During the course of Plaintiff's employment, Defendant failed to prevent a pattern and practice by its employees of intentional discrimination and harassment on the bases of race, national origin, and/or color.

51.     Plaintiff believes and on that basis alleges that his race, national origin, color, and/or protected status and/or protected activity were substantial motivating factors in Defendant's employees discrimination against and harassment of Plaintiff.

52.     As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

53.     As a proximate result of Defendant's willful and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, in an amount to be proven at trial.

54.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**Retaliation for Engaging in Protected Activity**

**Violation of FEHA, Govt. Code § 12900, et seq.**

**Against Defendant CCCFPD**

55.    Plaintiff realleges and incorporates the paragraphs previously referenced within this Complaint.

56.    Plaintiff's complaints to Defendant about racial harassment, and/or other characteristics protected by FEHA, Government Code § 12900, et seq., were motivating factors in Defendant's decision not to retain, hire, or otherwise employ Plaintiff in the Fire Captain position and/or to take other adverse employment action, including constructive termination, against Plaintiff.

57.    Defendant CCCFPD failed to take all reasonable steps to prevent harassment and discrimination as described above.  Defendant knew or should have known that its employees were engaged in racially offensive behavior in the past and failed to stop it.

58.    Despite being on notice of Defendant's employees' propensity to engage in harassing conduct, Defendant failed to act to prevent employees from harassing Plaintiff.

59.    Defendant also failed to enact an anti-discrimination policy and/or failed to distribute it appropriately and failed to effectively train its employees on racial harassment or discrimination.

60.    As a result of Defendant's violations of the FEHA, Plaintiff suffered harm as described herein.

61.    As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

62.    As a proximate result of Defendant's willful and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, in an amount to be proven at trial.

-13-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
CHERRY V. CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT, ET AL.

63.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code § 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964

### 42 U.S.C. § 2000e

### Against All Defendants

64.     Plaintiff realleges and incorporates by reference the paragraphs previously referenced within this Complaint.

65.     Title VII makes it unlawful to discriminate against someone on the basis of race, color, or national origin.  The Act also makes it unlawful to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation.  Title VII prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion, or sex.

66.     Plaintiff was specifically targeted and harassed by Defendants Valencia, Goetsch, and Stark on the basis of his race and his complaints about discrimination.

67.     CCCFPD had actual and constructive notice that the individual Defendants' harassment of Plaintiff was based on race.

68.     By failing to conduct an adequate investigation of known or suspected misconduct, CCCFPD exhibited deliberate indifference to the racial harassment of Plaintiff.

69.     CCCFPD's failure to promptly and appropriately respond to the racial harassment resulted in Plaintiff being excluded from participation in, being denied the benefits of, and being subjected to discrimination in CCCFPD's training and education programs in violation of Title VII.  Further, CCCFPD used hiring practices that appeared neutral on their face (i.e., written tests), which had a discriminatory outcome by disproportionally excluding Plaintiff, other African Americans, and other protected classes of applications.

-14-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
CHERRY V. CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT, ET AL.

70. As a result of CCCFPD's failure to comply with its obligations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and its implementing regulations, Plaintiff has suffered damages including special and general damages according to proof.

### SIXTH CAUSE OF ACTION

**Violations of 42 U.S.C. § 1983**

**Against All Defendants**

71. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint as though fully set forth herein.

72. Through the acts described herein, Defendants violated Plaintiff's due process, and petition rights under the First and Fourteenth Amendments to the United States Constitution, and, acting under color of authority, further violated Plaintiff's rights under 42 U.S.C. Section 1983.

73. Defendants violated Plaintiff's due process rights, in that Defendants demoted Plaintiff and constructively terminated his employment without good cause, and failed to provide him with any adequate due process.

74. Defendants violated Plaintiff's First Amendment rights, in that Defendants retaliated against Plaintiff for reporting complaints of racial harassment and discrimination and disparity in hiring practices, which were matters of public concern.

75. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

76. Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, loss of future earnings and benefits, costs of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

77. As to the individual Defendants only, the acts of said Defendants as alleged herein, were intentional, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The Defendants' acts were done in

conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these Defendants only.

**SEVENTH CAUSE OF ACTION**

**Violations of 42 U.S.C. § 1981**

**Against All Defendants**

78. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint as though fully set forth herein

79. As an African-American man Plaintiff is a member of a protected class.  At all relevant times, Plaintiff was in a contractual relationship with Defendant CCCFPD within the meaning of 42 U.S.C. § 1981, as amended.

80. During the course of Plaintiff's employment, Defendants violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms, and conditions of his employment contract in violation of 42 U.S.C § 1981(b).

81. CCCFPD's employees and supervisors subjected Plaintiff and others to racial harassment, racial discrimination, and a racially hostile work environment, resulting in an economic loss and end to Plaintiff's employment relationship with CCCFPD.

82. Defendant failed to investigate and prevent incidents of racial harassment, despite numerous reports and complaints, thereby evidencing a pattern and practice of racial discrimination and harassment.

83. Defendants retaliated against Plaintiff for complaining of a hostile work environment by berating and reprimanding Plaintiff, relying on and manipulating an examination to have a discriminatory outcome, approving Plaintiff's demotion from Fire Captain to Fire Engineer, and making the  work environment so intolerable that Plaintiff had no choice but to leave his employment.

84. Defendants ignored Plaintiff's repeated reports of harassment and discrimination and failed to prevent this behavior directed at Plaintiff and others.  Through their actions and treatment, Defendants intended to discriminate against Plaintiff on the basis of race.

-16-

85. As a result of Defendants' violations, Plaintiff suffered harm and is entitled to damages.

86. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper motive amounting to malice. Plaintiff is entitled to recover punitive damages from individual Defendants Scott Valencia, Lon Goetsch, and Charles "Chuck" Stark in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### Violation of California Labor Code § 1102.5

### Against Defendant CCCFPD

87. Plaintiff realleges and incorporates by reference the previous Paragraphs of this Complaint as though fully set forth herein.

88. California Government Code §1102.5, *et. seq* provide that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing illegal conduct, or making workplace complaints of illegal conduct. Section 1102.5 prohibits retaliation against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information to a superior in the employee's organization, so long as the employee has reasonable cause to believe that the information discloses a violation of law or regulation. In 2014, the Legislature amended section 1102.5 to protect not only actual whistleblowers, but also those who an employer fears may be a future whistleblower. Section 1102.5 also applies to internal whistleblowers, both actual and potential.

89. Plaintiff made complaints in the workplace pertaining to racial discrimination and harassment. These reports include but are not limited to violations of state and federal regulations: (a) Government Code § 12940 et seq.; (b) 42 U.S.C. § 1983; (c) 42 U.S.C. § 1981; and (d) Title VII of Civil Rights Act.

90. Plaintiff was subjected to adverse employment actions when he was demoted and constructively terminated months after his last complaints of racial discrimination and harassment, and one week after his training injuries.

-17-

91.    Plaintiff's disclosures, and each of them, were contributing factors in Defendant's decision to discharge him.    As a result, Plaintiff has suffered loss of employment, great humiliation and emotional distress manifesting in physical symptoms.

92.    Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, loss of future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, in an amount according to proof.

## NINTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### Against All Defendants

93. Plaintiff incorporates herein by reference all the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

94. Plaintiff was owed a duty of care by Defendants, and each of them, to ensure that he was not exposed to foreseeable harms.

95. Defendants, and each of them, knew or should have known, that Plaintiff was being subjected to racial harassment, discrimination and retaliation, and that by failing to exercise due care to prevent racially harassing, discriminatory and retaliatory course of conduct could and would cause Plaintiff to suffer serious emotional distress.

96. Defendants, and each of them, failed to exercise their duty of due care to prevent their employees, managers, supervisors and/or officers from racially harassing, discriminating and retaliating against Plaintiff.

97. As a direct and consequential result of Defendants' actions, Plaintiff suffered serious mental and emotional distress, including but not limited to pain, anxiety, humiliation, anger, shame, embarrassment, frustration and fear.

98. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper motive amounting to malice.    Plaintiff is

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
CHERRY V. CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT, ET AL.

entitled to recover punitive damages from individual Defendants Scott Valencia, Lon Goetsch, and Charles "Chuck" Stark in an amount according to proof.

## TENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Against All Defendants

99. Plaintiff incorporates herein by reference all the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

100. Plaintiff complained repeatedly to Defendants about the racial abuse he received, and that was inflicted upon him by the individual Defendants. Plaintiff made clear that the racial harassment caused him distress, humiliation, and suffering.

101. When Defendants failed to take corrective action, Defendants knew that Plaintiff would continue to suffer extreme emotional distress and harm as a result of their failure to act.

102. As a direct and consequential result of Defendants' actions, Plaintiff has suffered severe emotional distress. This harm includes but is not limited to pain, anxiety, humiliation, anger, shame, embarrassment, frustration, and fear.

103. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper motive amounting to malice. Plaintiff is entitled to recover punitive damages from individual Defendants Scott Valencia, Lon Goetsch, and Charles "Chuck" Stark in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

### Wrongful Constructive Termination in Violation of Public Policy

### Against Defendant CCCFPD

104. Plaintiff incorporates herein by reference all the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

105. Defendant constructively terminated Plaintiff's employment by permitting a hostile work environment to grow, where Plaintiff was continuously subjected to harassment and discrimination as alleged herein. When Plaintiff complained of this conduct, Defendant's

-19-

employees escalated their threatening and discriminatory behavior and demoted Plaintiff. No reasonable African American person could have or should have borne the harassment, discrimination and intimidation directed at Plaintiff. Defendant repeatedly declined to intervene and prevent the harassment. As a result, Plaintiff's work conditions became so intolerable he had no choice but to leave.

106. Defendant constructively terminated Plaintiff in violation of various fundamental public policies underlying both state and federal laws. Plaintiff's employment was terminated in part because of his protected status (i.e., race, national origin, and/or color). These actions were in violation of FEHA, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and California Labor Code § 1102.5.

107. As a proximate result of defendant's wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, in a sum according to proof.

108. As a result of Defendant's wrongful termination of his employment, Plaintiff has suffered general and special damages in sums according to proof.

109. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees which are recoverable pursuant to Code of Civil Procedure §§ 1021.5 and 1032, et seq.

## TWELFTH CAUSE OF ACTION

### Violation of the FMLA

### Against Defendant CCCFPD

110. Plaintiff incorporates herein by reference all the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

111. Plaintiff was an eligible employee for leave under the Family Medical Leave Act ("FMLA").

112. Plaintiff requested family medical leave from Defendant.

113. Through the actions described herein, Defendant violated the FMLA with regard to Plaintiff when it discriminated against Plaintiff for attempting to seek protected leave,

retaliated against Plaintiff in taking adverse employment actions for Plaintiff's exercise of rights under the FMLA, interfered with Plaintiff's request for medical leave, restrained Plaintiff's family medical leave, and ultimately demoted and constructively terminated Plaintiff's employment as a result of Plaintiff's requests for FMLA leave.

114. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in an amount to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

### Violation of the California Family Rights Act

### Against Defendant CCCFPD

115. Plaintiff incorporates herein by reference all the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

116. The California Family Rights Act ("CFRA") prohibits an employer from denying family or medical leave for a serious medical condition, and further prohibits an employer from interfering with, or taking any adverse action against an employee for requesting protected CFRA leave. Government Code §§ 12940 et seq., 12945, 12945.2.

117. Defendant violated the CFRA with regard to Plaintiff when it engaged in adverse employment actions, interfered with, and denied requested medical leave that was protected under the CFRA.

118. Defendant's conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of the CFRA.

119. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

120. Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, loss of future earnings and benefits, costs of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
CHERRY V. CONTRA COSTA COUNTY FIRE PROTECTION DISTRICT, ET AL.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For equitable, declaratory, and/or injunctive relief, including reinstatement;

5. For statutory penalties;

6. For reasonable attorney's fees and costs of suit pursuant to applicable provisions of law, including but not limited to Government Code §§ 12940 et. seq., 12965(b), 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 1983, Labor Code § 1102.5(j), and Code of Civil Procedure §§ 1021.5 and 1032 et seq;

7. For such other and further relief as the court may deem proper; and,

8. For punitive or exemplary damages;

9. **Plaintiff hereby demands a trial by jury.**

Dated: May 9, 2022                                    BAILEY & GLASSER, LLP

                                                     By:   */s/ Todd A. Walburg*
                                                            Todd A. Walburg

                                                     Todd A. Walburg (State Bar No. 213063)
                                                     *twalburg@baileyglasser.com*
                                                     Jade Smith-Williams (State Bar No. 318915)
                                                     *jsmithwilliams@baileyglasser.com*
                                                     **BAILEY & GLASSER, LLP**
                                                     1999 Harrison Street, Suite 660
                                                     Oakland, CA 94612
                                                     Telephone: (510) 272-8000
                                                     Facsimile: (510) 463-0291

                                                     Scott A. Brown (State Bar No. 177099)
                                                     *sbrown@bplegalgroup.com*
                                                     **BROWN | POORE LLP**
                                                     3100 Oak Road, Suite 100
                                                     Walnut Creek, California 94597
                                                     Telephone: (925) 943-1166

                                                     Attorneys for Plaintiff JUDON CHERRY

-22-